# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 19-208V
(Unpublished)

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

SAMMY SATTERWHITE,

           Petitioner,

v.

SECRETARY OF HEALTH AND
HUMAN SERVICES,

           Respondent.

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Special Master Katherine E. Oler

Filed: June 12, 2020

Petitioner's Motion for a Decision; Dismissal of Petition; Vaccine Act.

*Justin A. Smith*, Sloan, Bagley, Hatcher & Perry Law Firm, Longview, TX, for Petitioner
*Heather L. Pearlman*, U.S. Dep't of Justice, Washington, DC, for Respondent

## **DECISION DISMISSING CASE FOR INSUFFICIENT PROOF**[1]

On February 6, 2019, Sammy Satterwhite ("Petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program,[2] alleging that he suffered from "injuries, including Guillain Barre [Syndrome]" ("GBS") following the influenza vaccination he received on October 2, 2017. Pet., ECF No. 1. Petitioner filed a Statement of Completion on May 6, 2019. ECF No. 7.

Petitioner filed several medical and chiropractic records in support of his claim. Exs. 1-8. Petitioner also filed two affidavits. Exs. 9 and 10.

---

[1] Although this Decision has been formally designated "not to be published," it will nevertheless be posted on the Court of Federal Claims' website in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012). **This means the Decision will be available to anyone with access to the internet**. As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the Decision in its present form will be available. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) ("Vaccine Act" or "the Act"). Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

On May 7, 2019, I held a status conference in which I informed Mr. Smith that under the current set of facts, I could not find entitlement to compensation where onset of GBS is within hours of vaccination.  *See* Order of May 7, 2019, ECF No. 8.  I suggested to Mr. Smith that he speak with his client to discuss filing a motion to dismiss the petition.  *Id.*  Mr. Smith requested thirty days to do so.  On July 3, 2019, Petitioner filed a status report indicating that he would like to proceed with his claim.  *See* Status Report of July 3, 2020, ECF No. 10.

On February 27, 2020, Respondent filed his Rule 4(c) report, indicating he believed that this case was "not appropriate for compensation under the terms of the Act."  Resp.'s Rep. at 2, ECF No. 16.  Respondent argued that Petitioner had not offered a "reputable medical or scientific theory showing that the flu vaccine was the cause of his condition."  *Id*. at 7.  On the same day, I issued a Non-PDF Order instructing Petitioner to file a status report indicating how he would like to proceed in light of Respondent's Report.  *See* Non-PDF Order of February 27, 2020.  On May 28, 2020, Petitioner filed a status report indicating that he intended to dismiss his case.  *See* Status Report of May 28, 2020, ECF No. 19.

Petitioner filed a motion to dismiss on June 11, 2020, indicating "Petitioner no longer desire[s] to prosecute his claim against the Secretary of Health and Human Services and respectfully requests the Court enter an order of dismissal."  Pet'r's Mot., ECF No. 20 at 1.

To receive compensation under the Vaccine Program, a petitioner must prove either (1) that he suffered a "Table Injury" – i.e., an injury falling within the Vaccine Injury Table – corresponding to his vaccination, or (2) that he suffered an injury that was actually caused by a vaccine.  *See* §§ 13(a)(1)(A) and 11(c)(1).  Moreover, under the Vaccine Act, a petitioner may not receive a Vaccine Program award based solely on his claims alone.  Rather, the petition must be supported by either medical records or by the opinion of a competent medical expert.  § 13(a)(1).  In this case, however, there is insufficient evidence in the record for Petitioner to meet his burden of proof.  Petitioner's claim therefore cannot succeed and, in accordance with his motion, must be dismissed.  § 11(c)(1)(A).

**Thus, this case is DISMISSED for insufficient proof.  The Clerk shall enter judgment accordingly.**

IT IS SO ORDERED.

**s/ Katherine E. Oler**
Katherine E. Oler
Special Master